Missouri, Kansas & Texas Railway Company v. Trinity County Lumber Company.

No. 23.

1. **Writ of Error—Jurisdiction—Amount Involved.**—Under Act of April 13, 1892 (article 1011), and article 5 of act of same date (pages 20, 26), writ of error does not lie to the Court of Civil Appeals in a case for debt, where the amount in controversy was within the constitutional jurisdiction of the County Court, although suit was brought in the District Court having jurisdiction in the county in such cases.

2. **Case in Judgment.**—Suit by railway company for $283.03 against the lumber company for freight, brought in the District Court of Trinity County by virtue of a statute which gives to that court in that county the jurisdiction which is conferred by the Constitution upon the County Courts. In such case the judgment of the Court of Civil Appeals in reversing the judgment of the trial court and rendering final judgment for the full amount claimed, was final and conclusive, and over such judgment the Supreme Court has no control.

3. **Validity of a Statute.**—A suit involving the construction and application of a statute does not involve the validity of such statute.

4. **Construction of Act of Congress—Jurisdiction.**— The rule in section 5, subdivision 3, of the "Act to organize the Courts of Civil Appeals," etc. (Acts of 1892, page 26), is that " the judgment of the Courts of Civil Appeals shall be conclusive in all cases upon the facts of the case, and a judgment of such courts shall be conclusive on facts and law in the following cases; nor shall a writ of error

be allowed thereto from the Supreme Court, to-wit: (1) Any civil case appealed from a County Court or from a District Court when under the Constitution a County Court would have had original or appellate jurisdiction to try it, except," . etc. This controls the exception in article 1011a (Act February 13, 1892, page 20), in the grant to the Supreme Court of power to review cases where the judgment in the court below may have been reversed and the cause remanded by a Court of Civil Appeals, which involve "the construction of * * * an act of Congress." That is, a judgment of a Court of Civil Appeals is final as to such case, involving the construction of an act of Congress, where the amount involved was within the jurisdiction of the County Courts.

APPLICATION FOR WRIT OF ERROR to Court of Civil Appeals, First District, in a case on appeal from the District Court of Trinity County.

*J. P. Stevenson*, and *Burnett & Gardner*, for the application.

GAINES, ASSOCIATE JUSTICE.—We are of the opinion that this court has no jurisdiction of this application and that it should be dismissed.

The applicant, the Trinity County Lumber Company, was the appellee in the Court of Civil Appeals. The suit was brought by the appellant, the Missouri, Kansas & Texas Railway Company, to recover of appellee the sum of $283.03, the amount of the freight claimed to be due for the transportation of certain narrow gauge railroad cars from Lima, Ohio, to a station on the appellant's line in Texas. Appellant claimed that it was entitled to freight for the carriage at the rate of 84 cents per 100 pounds. The bill of lading stipulated for a rate of 53 cents per 100 pounds, but appellant alleged, that it was procured by misrepresentation and fraud on part of the appellee's agent, in this, that the cars were represented to be intended for use upon a railroad engaged in transporting for the public, when in point of fact they were designed for use by the appellee in carrying logs to its saw mills. The rates for transportation of this character between the points named were fixed by the Interstate Commerce Commission, and were regulated by the use to which the cars were to be applied. The latter was the rate designated when the cars were to be used by a public carrier, but the former was prescribed when they were intended for a private railroad. The appellee tendered the freight due according to the lower rate, and pleaded its tender. The trial court gave judgment against the appellee for the amount tendered, and against the appellant for costs. The Court of Civil Appeals reversed the judgment, and rendered judgment for the appellant for the full amount claimed by it.

Article 1011 of the Act of April 13, 1892, which amends certain articles of the Revised Statutes, and prescribes the jurisdiction and practice of the Supreme Court under the Constitution as recently amended, provides, that "the Supreme Court shall have appellate jurisdiction coextensive with the limits of the State, which shall extend to questions of

law arising in all civil cases of which the Courts of Civil Appeals have appellate but not final jurisdiction." Laws 1892, page 26.

Section 5 of the act of the same date, which is entitled "An act to organize the Courts of Civil Appeals, to define their jurisdiction and powers, and to prescribe the mode of procedure therein," contains, among other things, the following provision: "The judgment of the Courts of Civil Appeals shall be conclusive in all cases upon the facts of the case, and a judgment of such courts shall be conclusive on facts and law in the following cases, nor shall a writ of error be allowed thereto from the Supreme Court, to-wit: 1. Any civil case appealed from the County Court or from a District Court when under the Constitution a County Court would have had original or appellate jurisdiction to try it, except in probate matters, and in cases involving the revenue laws of the State or the validity of a statute." Laws 1892, p. 26.

The present case was brought in the District Court of Trinity County by virtue of a statute which gives to that court in that county the jurisdiction which is conferred by the Constitution upon the County Courts. Laws 1881, p. 3.

It is a case which, if there had been no statutory change, the County Court would have had original jurisdiction to try. It is clear, therefore, that under the provisions of the statutes which have just been quoted, the judgment of the Court of Civil Appeals is final and conclusive, and no writ of error lies to it. If the jurisdiction of this court over this case is to be maintained, it must be by virtue of some other provision, which makes an exception to the general rule thus laid down.

Counsel for appellee suggests in his application for the writ, "that the cause involves the construction of the Act of Congress approved February 4, 1887, entitled 'An act to regulate commerce,' and known as the ' Interstate Commerce Act,' and also of the statute of the State of Texas regulating railroads." From this we infer that the jurisdiction is claimed under article 1011a of the Act of April 13, 1892, herein before mentioned, which amended certain articles in the Revised Statutes in relation to the jurisdiction and practice of the Supreme Court. The article cited provides, that "All causes shall be carried up to the Supreme Court by writs of error issuing from the Supreme Court to the Courts of Civil Appeals upon final judgment, and not upon judgments reversing and remanding causes, except in the following cases, to-wit:

" 1. When the State is a party, or when the railroad commissioners are parties.

" 2. Cases which involve the construction and application of the Constitution of the United States or of the State of Texas, or of an act of Congress.

" 3. Cases which involve the validity of a statute of the State.

" 4. Cases involving the title to a State office.

"5. Cases in which a Civil Court of Appeals overrules its own decisions, or the decision of another Court of Civil Appeals, or of the Supreme Court.

"6. Cases in which the judges of any Court of Civil Appeals may disagree.

"7. Cases in which any two Courts of Civil Appeals may hold differently on the same question of law.

"8. When a judgment of a Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error." Laws 1892, p. 20.

It would seem the jurisdiction is claimed under the second and possibly the third clause of exception contained in this article. The case does not involve the validity of a statute, but only its construction and application, and therefore the third clause does not bear upon the question. It may, however, involve the construction and application of an act of Congress. Does that fact give this court power to revise the judgment? To hold that it does would, in our opinion, give the article last quoted a scope not justified by the purpose of its incorporation in the statute, and a construction in conflict with the other statutory provisions which we have quoted. The language of article 1011a indicates that its leading purpose was to prescribe the procedure by which the jurisdiction of this court was to be called into exercise. Incidentally it designates the judgments from which a writ of error was to be allowed. It provides, in effect, that the judgment must be final as contradistinguished from interlocutory judgments, and that they were not to include judgments which remand a cause, except in certain specified classes of cases. This does not mean that a writ of error will lie to any final judgment of the character designated by the article, but merely that in order to authorize the writ the judgment must be final. The article in question was not intended to extend the jurisdiction of this court beyond the limits prescribed in the preceding article (1011) and in section 5 of the act which defines the jurisdiction, etc., of the Courts of Civil Appeals. That article and that section, when construed in connection with each other, make it too clear to admit of doubt, that it was the well considered intent of the Legislature to make the judgments of the Courts of Civil Appeals conclusive in all cases which the County Courts under the Constitution had jurisdiction to try, with a few well defined exceptions. These provisions are in perfect harmony with article 1011a as we construe it. We repeat, that article does not provide that a writ of error will lie to every final judgment except one remanding a cause, but merely that such writ will not lie to a judgment which is not final. The exceptions contained in it apply only to judgments remanding cases, and were intended only to designate certain classes of cases in which writs of error would lie to judgments of that character. The language employed does not by its terms.

except, and was not intended to except, the classes of cases therein designated from the operation of other provisions of the statutes, which prescribe that the judgments of the Courts of Civil Appeals shall be conclusive in all suits over which the County Courts have or might under the Constitution have original jurisdiction.

Since we are of opinion that we have no jurisdiction of this case, the application for writ of error is dismissed.

*Application dismissed.*

Delivered February 16, 1893.